IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILL BEHNKE                                 :

                                                  :

   v.                                         :   Civil Action No. DKC 24-3286

                                                  :

CUBISMI, INC.                               :

**MEMORANDUM OPINION**

Petitioner Bill Behnke filed this action to confirm an arbitrator's award in its favor against Cubismi, Inc. Petitioner filed a motion for default judgment on February 25, 2025. (ECF No. 11). Defendant Cubismi, Inc. ("Respondent") has not filed a response. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

Petitioner commenced this action on November 13, 2024, by filing a Petition to Confirm Arbitral Award. (ECF No. 1). The attached Award of Arbitrator dated September 11, 2024, states that, after an evidentiary hearing on August 12, 2024, Petitioner established that he was retained by Respondent under an Independent Contractor Agreement ("ICA") which provided that he was to be paid $20,000 per month – $10,000 was to be paid the first of each month and $10,000 was to be "accrued" and paid when Respondent received

at least $500,000 in new funding.  Petitioner worked from March 2022 through September 2022 and invoiced a total of $140,000.  Respondent paid Plaintiff $40,000.  The Arbitrator found that Respondent obtained additional funding in excess of $500,000, thus fulfilling the conditions of the ICA for compensation to Petitioner of $20,000 per month.

In addition, the Arbitrator found that Respondent owes Petitioner $12,080.53 for unreimbursed expenses and $30,760 in Arbitrator fees and expenses.[1]  The Petition requests the entry of a judgment in favor of Petitioner and against Respondent in the amount of $142,840.53 plus $17,268.50 in attorneys' fees and $1,223.34 in costs for this action.  (ECF No. 11-1 at 7).

Petitioner filed an Affidavit of Service on December 18, 2024, indicating that Respondent was served, via its authorized agent and Chief Executive Officer, Dr. Moira Schieke, on December 14, 2024.  (ECF No. 4-2).  The Clerk entered default against Respondent on February 5, 2025, for want of answer or other defense (ECF No. 6) and issued a Notice advising Respondent that a motion to vacate the order of default could be filed within thirty (30) days.  Respondent failed to file a motion to vacate the entry of default.

---

[1] The arbitration award indicates that Defendant failed to participate in arbitration after May 1, 2024.  (ECF No. 1-1).

Petitioner filed the pending motion for default judgment on February 25, 2025. (ECF No. 11). Although Respondent was provided time to respond, no response has been filed.

## II. Standard of Review

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "'must show that it is entitled to confirmation of the arbitration award as a matter of law.' *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2$^d$ Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011))." *Choice Hotels Intern., Inc. v. Jai Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, *2 (D.Md. Nov. 29, 2012). As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration clause in the parties' agreement provides, in part, that "any dispute or controversy arising out of, relating to, or

concerning any interpretation, construction, performance, or breach of this Agreement, will be settled by arbitration . . ." and that "Judgment may be entered on the arbitrator's decision in any court having jurisdiction." (ECF No. 1-2 at 4). Petitioner filed his Petition with this court within one year after the award was made and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The scope of review of an arbitrator's award is strictly limited to avoid frustrating the

4

fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

A respondent's default does not automatically entitle the petitioner to the entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

### III. Analysis

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a). While the court may hold a

hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

The Petition to Confirm Arbitral Award requests the confirmation of the $142,840.53 award and entry of judgment. By failing to answer or otherwise respond to the Petition, Respondent has not demonstrated any ground for vacating the award. The arbitrator's basis for the award was supported by evidence presented and there is no reason why the award should not be confirmed.

The motion for default judgment requests the entry of judgment in the amount of $161,332.37, which represents the award of $142,840.53 plus attorneys' fees and costs of $18,491.84 for bringing this action.

**A.  Attorneys' Fees**

Petitioner seeks $17,268.50 in attorneys' fees, for 36.5 hours between October 2024 and February 2025 at rates ranging from $425 to $845 per hour. In support of this request, Petitioner submits the Declaration of Joshua J. Gayfield regarding attorneys'

fees and costs (ECF No. 11-2, pp 2-5). Exhibits A and 1 show the hours billed by Petitioner's counsel. Attorney Joshua Gayfield charged $765/hour in 2024 and $845/hour in 2025. Attorney Madeline Ziegler charged $425/hour.

The hourly rates requested are significantly higher than those suggested in the court's Local Rules, although those rates are somewhat dated. Nevertheless, the hourly rates requested will be modestly reduced, given the straightforward nature of this action. Ms. Ziegler, who charged 31.5 hours at $425 per hour, was admitted to the bar in 2023. Appendix B of the court's Local Rules suggests that lawyers admitted to the bar for fewer than five (5) years should charge between $150 - $225 per hour. Thus, 31.5 hours of the fee petition will be reduced from $425 per hour to $350 per hour, making the amount $11,025 for her attorneys' fees. Mr. Gayfield was admitted in 2010 and thus enjoys fifteen (15) years of experience. Appendix B of the court's Local Rules suggests that lawyers admitted to the bar for between fifteen (15) to nineteen years (19) years should charge between $275-425 per hour. As such, Mr. Gayfield's hourly rate will be reduced to $700 per hour, and the amount awarded $3,500 for his hours.

Thus, Plaintiff will be awarded $14,525 for attorneys' fees.

**B.   Costs**

Plaintiff seeks $1,223.34 in costs. In support of this request, Plaintiff states that in addition to the $405 filing fee

7

to commence this action, $10.34 was spent for messenger costs and $808 was spent for service of process on Defendant, apparently including two unsuccessful in person attempts and the successful service by certified mail.

**IV. Conclusion**

Petitioner's motion for the entry of default judgment will be granted and judgment will be entered in the amount of $158,588.87, which consists of confirmation of the award of $142,840.53, plus attorneys' fees of $14,525 and costs of $1,223.34.

                                                  /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge